UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD GETER,

       Plaintiffs,

vs.                                                                    Case No. 11-10432

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,                        HON. AVERN COHN

       Defendant.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY
JUDGMENT AND OTHER RELIEF (Doc. 4)
AND
DISMISSING CASE**

I.

This is a case claiming violations of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692.  Plaintiff, proceeding pro se, sued defendant Mortgage Electronic

Registration Systems, Inc. essentially claiming that defendant has improperly attempted

to collect on a mortgage debt.

Before the Court is defendant's motion to dismiss or for summary judgment.

Doc. 4.  For the reasons that follow, the motion is GRANTED.  This case is

DISMISSED.

II.

This is the second case plaintiff has filed in this court regarding his mortgage and

subsequent foreclosure.  The first case was assigned to the undersigned, Geter v.

Mortgage Electronic Registration Systems, Inc., 10-12750.  In that case, plaintiff made a

host of claims regarding alleged defects in his mortgage.  Defendant filed a motion for

judgment on the pleadings or for summary judgment.  Doc. 9.  Plaintiff responded.  Doc.

12.  The Court granted defendant's motion and dismissed the case.  Doc. 15.

Defendant also requested, as it does here, injunctive relief in the form of an order

barring plaintiff from filing any future claims in this court arising from the foreclosure,

consent judgment or eviction.  The Court declined to issue an injunction.

Plaintiff filed the instant case days before the Court dismissed the prior case.

The case was originally assigned to a different judge.  However, it was later reassigned

to the undersigned as a companion to plaintiff's first case, case no. 10-12750.  See Doc.

7.

III.

Plaintiff has not responded to defendant's motion.[1]  The law in this Circuit is not

clear on whether a failure to respond to a dispositive motion constitutes a sufficient

ground for granting the motion.  In Carver v. Bunch, 946 F.2d 451, 453-54 (6th

Cir.1991), the court of appeals held that it is an abuse of discretion for a district court to

dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a

motion to dismiss unless the failure rises to the level of a failure to prosecute.  The Sixth

Circuit has also held that a failure to respond to a motion to dismiss will be grounds for

granting the motion.  See Scott v. State of Tennessee, 878 F.2d 382, 1989 WL 72470,

*2 (6th Cir.1989) (unpublished table decision) (affirming district court's grant of

defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or

---

[1]Defendant filed its motion on February 22, 2011.  Under the local rules, plaintiffs' response was due within 21 days after service, on or about March 14, 2011.  See E.D. Mich. LR 7.1(e)(1)(B).  On April 25, 2011, the Court issued an order requiring a response on or before May 16, 2011. Doc. 8.  To date, no response has been filed.  In light of plaintiff's failure to respond, the Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); Humphrey v. United States Attorney General's Office, 2008 WL 2080512, *3 (6th Cir. 2008).  While plaintiffs' failure could be considered a failure to prosecute, see n. 1, the Court declines to grant defendant's motion on these grounds.

Rather, the Court has reviewed defendant's motion and finds it to be well-taken. As fully explained in the brief and supporting exhibits, plaintiff has not properly stated a claim for relief under the FDCPA.

As to defendant's request for an injunction, federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions.  Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986).  Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others.  Id.  To achieve these ends, the Sixth Circuit has approved enjoining vexatious litigants by requiring them to obtain leave of court before submitting additional filings.  Filipas v. Lemons, 835 F.2d 1145 (6th Cir.1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar.15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)).

The Court declined to issue an injunction in plaintiff's prior case, stating:

Although plaintiff's complaint is frivolous, it is the first of such actions filed in this court. While he has filed several actions in bankruptcy court and has otherwise made it difficult for MERS to exercise its right to possession, the Court is not inclined to issue an injunction at this time.  However, plaintiff is on notice that any future filings in this court regarding the foreclosure, consent judgment or eviction, which are equally likely to be frivolous, may subject him to an injunction.

3

Memorandum and Order in case no. 10-12750 at p. 12.  This order was entered on February 11, 2011.  Unbeknownst to the Court, and maybe defendant, plaintiff had already filed this case days earlier, on February 3, 2011.  Thus, it cannot be said that plaintiff filed this case despite the Court's admonition.  Plaintiff, perhaps wisely heeding the Court's warning, has essentially chosen not to prosecute this case.  Under these circumstances, an injunction does not appear necessary.  Rather, it would seem that plaintiff now understands that future court actions regarding the foreclosure, consent judgment or eviction are likely to be of no avail.

        SO ORDERED.


                         S/Avern Cohn
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE


Dated:  May 26, 2011


I hereby certify that a copy of the foregoing document was mailed Gerald Geter
PO Box 04394, Detroit, MI 48204 and  to the attorneys of record on this date, May 26, 2011, by electronic and/or ordinary mail.


                         S/Julie Owens
                         Case Manager, (313) 234-5160